1

2

3

4                               UNITED STATES DISTRICT COURT

5                                    DISTRICT OF NEVADA

6                                          * * *

7   UNITED STATES OF AMERICA,              Case No. 3:14-cr-00083-LRH-CSD

8                    Plaintiff,
                                           ORDER
9            v.

10  JOEL CORRAL-ESTRADA,

11                   Defendant.

12

13          Before the Court is Defendant Joel Corral-Estrada's ("Corral-Estrada") motion for

14  sentence reduction ("821 Motion"). ECF No. 190. On February 2, 2024, Corral-Estrada filed his

15  821 Motion pursuant to 18 U.S.C. § 3582(c)(2), requesting that the Court reduce his sentence under

16  Amendment 821 to the United States Sentencing Guidelines. *Id.* For the reasons contained within

17  this Order, the Court denies Corral-Estrada's 821 Motion (ECF No. 190).

18  **I.      BACKGROUND**

19          On July 19, 2016, the Court sentenced Corral-Estrada to one-hundred-and-fifty months

20  imprisonment with five years of supervised release after Corral-Estrada pled guilty to Conspiracy

21  to Possess with Intent to Distribute and to Distribute at Least 50 Grams of Actual

22  Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846.[1] ECF No.

23  _____

24  [1]   In a separate case, Corral-Estrada also pled guilty to Unlawful Reentry by a Deported/Removed or
          Excluded Alien in violation of 8 U.S.C. § 1326(a) and was sentenced to one-hundred-and-fifty
25        months imprisonment with three years of supervised release to run concurrent to his sentence in
          the instant case. *See United States v. Corral-Estrada*, Case No. 3:14-cr-00088-LRH-CSD, ECF No.
26        45. The Court also accepted a transfer of jurisdiction from the United States District Court for the
          District of Utah, and Corral-Estrada pled guilty to violating the terms of his supervised release by
27        reentering the United States and committing another crime. *See United States v. Corral-Estrada*,
          Case No. 3:14-cr-00092-LRH-CLB, ECF No. 33. Corral-Estrada's supervised release was revoked,
28        and he was sentenced to twelve months imprisonment with no supervised release to follow. *Id.* This
          term was imposed to run consecutively to the sentences in the instant case and Case No. 3:14-cr-
          00088-LRH-CSD. *Id.*

                                              1

1  102. At Corral-Estrada's sentencing, the Court concluded that Corral-Estrada qualified as a career

2  offender under U.S.S.G. § 4B1.1(a).[2] Since the Court found Corral-Estrada to be a career offender

3  under U.S.S.G. § 4B1.1(a), the Court adjusted Corral-Estrada's criminal history category to

4  Category VI pursuant to U.S.S.G. § 4B1.1(b).

5  **II.    LEGAL STANDARD**

6  "As a general matter, courts may not alter a term of imprisonment once it has been

7  imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007); *see also* 18 U.S.C.

8  § 3582(b). An exception to this general rule is set forth under 18 U.S.C. § 3582(c)(2), which allows

9  a court to modify a defendant's final sentence pursuant to a retroactive amendment to the United

10  States Sentencing Guidelines. To determine whether the defendant's sentence should be modified

11  under § 3582(c)(2), a court must determine (1) if a retroactive amendment to the Sentencing

12  Guidelines in fact lowered the guideline range applied to the defendant and (2) whether a reduction

13  is consistent with any applicable policy statements issued by the United States Sentencing

14  Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If a retroactive amendment does

15  in fact lower a defendant's guideline range consistent with applicable policy statements, the court

16  must consider the 18 U.S.C. § 3553(a) factors to determine if the court will exercise its discretion

17  to reduce that defendant's sentence. 18 U.S.C. § 3582(c)(2).

18  **III.    DISCUSSION**

19  In his 821 Motion, Corral-Estrada requests retroactive application of Amendment 821 to

20  the United States Sentencing Guidelines. ECF No. 190. After careful review, the Court finds that

21  Corral-Estrada is not eligible for a sentence reduction under Amendment 821. Amendment 821

22  took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United

23  States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n,

24  https://www.ussc.gov/guidelines/amendment/821 (last visited Apr. 3, 2024). Amendment 821 is

25  bifurcated into Parts A and B. *Id.* If neither Part A nor Part B apply to Corral-Estrada's sentence,

26

27  [2]    Under U.S.S.G. § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

28

2

1    he is not eligible for a sentence reduction under Amendment 821. *See Dillon*, 560 U.S. at 826. Put

2    differently, Corral-Estrada's sentence would not be eligible to be modified under 18 U.S.C.

3    § 3582(c)(2) because Amendment 821 does not in fact lower the guideline range applied to Corral-

4    Estrada.

5             1.       Part A of Amendment 821 does not apply to Corral-Estrada's sentence.

6             Part A of Amendment 821 limits the criminal history impact of "status points"

7    under U.S.S.G. § 4A1.1. Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a

8    "defendant who committed the instant offense while under any criminal justice sentence, including

9    probation, parole, supervised release, imprisonment, work release, or escape status," previously

10   received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate

11   such status points for any defendant who otherwise has six or fewer criminal history points; and

12   (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal

13   history points.

14            Here, Part A of Amendment 821 does not apply to Corral-Estrada's sentence because the

15   Court did not determine Corral-Estrada's criminal history category based upon the calculation of

16   his criminal history points under U.S.S.G. § 4A1.1. Instead, pursuant to U.S.S.G. § 4B1.1(b), the

17   Court determined that Corral-Estrada had a criminal history category of Category VI based on his

18   classification as a career offender under U.S.S.G. § 4B1.1(a). Generally, a court allocates a

19   defendant's total criminal history points to determine the defendant's criminal history category,

20   which the Court then applies to the applicable offense level to determine the appropriate guideline

21   range under the Sentencing Guidelines. U.S.S.G. §§ 4A1.1, 5A. However, if a defendant meets the

22   criteria set forth under U.S.S.G. § 4B1.1(a), the defendant is a career offender. And, pursuant to

23   U.S.S.G. § 4B1.1(b), "[a] career offender's criminal history category in every case [must] be

24   Category VI." The criteria establishing whether a defendant is a career offender under U.S.S.G.

25   § 4B1.1(a) does not involve the calculation of the defendant's criminal history points under

26   U.S.S.G. § 4A1.1 whatsoever. Thus, under § 4B1.1(b), a career offender's criminal history

27   category is Category VI regardless of criminal history points or the mechanism for determining

28   criminal history points under U.S.S.G. § 4A1.1. *Compare* U.S.S.G. § 4B1.1 *with* U.S.S.G. § 4A1.1.

Accordingly, Part A of Amendment 821 does not apply to Corral-Estrada's sentence. Because Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1, and the Court determined that Corral-Estrada had a criminal history category of Category VI based on his classification as a career offender under U.S.S.G. § 4B1.1(a) rather than U.S.S.G. § 4A1.1, Part A of Amendment 821 did not in fact lower the guideline range applied to Corral-Estrada.

       2.    <u>Part B of Amendment 821 does not apply to Corral-Estrada's sentence.</u>

Part B of Amendment 821 applies to certain zero-point offenders, i.e., defendants with no criminal history, when the offense underlying their conviction meets the Sentencing Guideline's criteria. U.S.S.G. § 4C1.1(a). As a result, since he is not a zero-point offender, Part B of Amendment 821 did not in fact lower the guideline range applied to Corral-Estrada, and it does not apply to his sentence. In sum, Corral-Estrada is not eligible for a sentence reduction under Amendment 821 because neither Part A nor Part B apply to his sentence. Therefore, Corral-Estrada's sentence is not eligible to be modified under 18 U.S.C. § 3582(c)(2).

## IV.    CONCLUSION

IT IS HEREBY ORDERED that Corral-Estrada's 821 Motion (ECF No. 190) is DENIED. The Clerk of the Court shall file Form AO247 in accordance with this order.

IT IS SO ORDERED.

DATED this 9th day of April, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE